UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMIR BEOOL, | ) | 1:09-CV-00615 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |
| JOHN SUGRUE, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has returned his consent/decline form indicating consent to the jurisdiction of the Magistrate Judge.

On April 6, 2009, the Court received the instant petition for writ of habeas corpus which Petitioner had filed in the Central District of California. Petitioner challenges his removal from this country following completion of his federal sentence.

**DISCUSSION**

On May 11, 2005, President Bush signed into law the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005." Division B of the Act is titled "REAL ID Act of 2005." Section 106 of the Act amended Section 242 of the Immigration and Nationality Act (8 U.S.C. § 1252) so as to render a petition for review to the courts of appeal the sole and exclusive means of review of an administrative order of removal, deporation,

or exclusion. Section 1252(a)(5) (emphasis added) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter</u>, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

In this case, Petitioner challenges a judicial removal order wherein Petitioner stipulated to removal to the country of Jordan. Petitioner takes issue with the removal order and seeks modification to allow for removal to a country other than Jordan. However, as set forth above, the REAL ID Act made petitions for review in the courts of appeals the "sole and exclusive means for judicial review" of a removal order. <u>Singh v. Mukasey</u>, 533 F.3d 1103, 1105 (9th Cir.2008). Therefore, the instant petition will be dismissed for lack of jurisdiction.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED for lack of jurisdiction; and

2) The Clerk of Court is DIRECTED to enter judgment and terminate the action.


IT IS SO ORDERED.

Dated:   **June 11, 2009**           /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE